**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 11-CR-30162-WDS-1** |
| | ) | |
| **RICHON SAYLES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion for *de novo* review of detention order (Doc. 34), to which the government has filed a response (Doc. 30). Pursuant to 18 U.S.C. § 3145, the defendant seeks *de novo* review of Magistrate Judge Clifford J. Proud's Detention Order (Doc. 13), which was entered after Judge Proud held a detention hearing on October 14, 2011. Defendant' s request is based solely on the fact that his mother requires assistance after her back surgery which was scheduled for December 14, 2011. Defendant did not request a hearing on his motion.

## BACKGROUND

On September 21, 2011, defendant was charged by grand jury indictment with: one count of distribution of 28 grams or more of a mixture or substance containing cocaine base ("crack"), a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii); three counts of distribution of a mixture or substance containing cocaine base ("crack"), a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); and one count of possession with intent to distribute a mixture or substance containing cocaine base ("crack"), a Schedule II Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and

§ 841(b)(1)(C).

On October 14, 2011, defendant appeared before Magistrate Judge Proud for his Initial Appearance and Arraignment, at which time Magistrate Judge Proud also heard proffers from the government and defendant regarding detention (Doc. 8). Magistrate Judge Proud ordered that the defendant be detained (Doc. 13).

## LEGAL STANDARD

Under 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." Pursuant to § 3145(b), the district court conducts a *de novo* review and need not defer to the magistrate's findings. *See United States v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985). The district court's review of the magistrate judge's decision may be conducted either by reviewing the transcript of the testimony heard by the magistrate judge, or by holding a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). Based upon the bare-bones motion filed by defendant (in which he does not specifically request a hearing), this Court will exercise its discretion, and elects to review the transcript of the hearing held on October 14, 2011, before Magistrate Judge Proud, and make a determination without a hearing or additional argument.

Under the Bail Reform Act of 1984, a defendant shall be detained before trial if no condition or combination of conditions will not reasonably assure (1) the defendant's appearance as required and (2) the safety of any other person and the community. 18 U.S.C. § 3142(e). The government carries the burden of proving that defendant is either a flight risk or a danger to the community, but the government need not prove both. *See United States v. Daniels*, 772 F.2d

382, 383 (7th Cir. 1985). To determine whether the government has carried its burden, the Court shall consider the information available regarding the factors enumerated in 18 U.S.C. § 3142(g), including:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including–
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## ANALYSIS

Defendant's only basis for this Court to consider in reviewing the Magistrate's Detention Order is that his mother was scheduled for back surgery on December 14, 2011, after which defendant's mother will need assistance. Defendant offers no new facts, evidence, or witnesses which could support a reversal of Magistrate Judge Proud's Order of Detention.

In its response (Doc. 30), the government asserts the following in opposition to defendant's motion: (1) defendant is subject to the statutory presumption of detention pursuant to 18 U.S.C. § 3142(e) because an indictment has been returned charging the defendant with multiple drug trafficking offenses, all having statutory penalties in excess of 10 years' imprisonment; (2) nothing in defendant's motion rebuts the presumption of detention; (3) at the

detention hearing, the government presented significant evidence that the defendant is a flight risk and a danger to the community (for example: (a) defendant was on probation for a felony drug offense at the time that he committed the multiple drug trafficking offenses charged in the indictment; (b) defendant has multiple prior convictions for DUI and driving while his license was suspended or revoked; (c) defendant faces a mandatory minimum of 10 years' imprisonment if a § 851 enhancement is filed; (d) defendant has a prior escape on his criminal record). The government asserts that all of this evidence suggest defendant is a flight risk and a danger to the community, and nothing in defendant's motion for bond suggests differently.

According to the Detention Order entered by Magistrate Judge Proud (Doc. 13), he found by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, and found by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Magistrate Judge Proud also made findings of fact regarding the defendant and his offenses, in that the offense involves a large amount (in excess of 28 grams of a mixture or substance containing cocaine base) of a controlled substance and narcotic drug; the weight of the evidence against the defendant is high; defendant has no steady employment, no substantial financial resources, has a significant prior criminal record, and was on probation for a felony drug offense at the time of the charged offenses and his current arrest. The Court found that probable cause exists to believe that the defendant committed a controlled substance offense for which a maximum term of imprisonment of 10 years or more is prescribed under Titles 21 or 46, and that thee defendant did not rebut the rebuttable presumption that no condition or combination of conditions will reasonably assure the

appearance of the defendant as required and the safety of any other person in the community, as set forth in 18 U.S.C. § 3142(e). Magistrate Judge Proud rejected house arrest and a daily reporting scheme because of the gravity of the offense and the substantial penalties which may possibly be imposed. Magistrate Judge Proud ordered defendant detained pending trial.

In light of the fact that defendant provided nothing new upon which this Court could make new findings or conclusions, this Court's *de novo* review of defendant's Detention Order is nearly identical to Magistrate Judge Proud's findings and conclusions. Upon a careful review of the transcript of the proffers made by counsel at the hearing on October 14, 2011, this Court makes the following findings:

(1) Defendant's charged offenses involved a large amount of a controlled substance, specifically, in excess of 28 grams of a mixture or substance containing cocaine base ("crack").

(2) The weight of the evidence against the defendant is great, based upon the government's proffer that: (a) the case involves four controlled buys of crack (pertaining to Counts 1-4) involving a confidential informant, which were all done under police surveillance; (b) the DEA also has phone records to corroborate these buys; (c) recorded buy money from the fourth buy was found in defendant's shoe, and upon discovery of what appeared to be a bodily fluid on the money, and lab testing, the fluid on the recorded buy money tested positive for defendant's DNA; (d) regarding Count 5, police searched defendant's girlfriend's house, where they had seen defendant go before the fourth buy, and found crack cocaine,

a scale, and $5,000 in cash. Based upon this proffer, the weight of the evidence against defendant appears to be substantial.

(3) Regarding the history and characteristics of the defendant, he has family ties in the area and has lived in the Metro East area his entire life, but, he has no steady employment, no substantial financial resources, and has a significant prior criminal record. Defendant has multiple prior convictions for DUI and for driving while his license was suspended or revoked (and in fact defendant drove during the commission of the currently charged offenses). Defendant also has a prior misdemeanor escape on his criminal record.

(4) The defendant was on probation for a felony drug offense at the time of each of the currently charged offenses. The fact that if defendant in fact committed these crimes, he did not comply with the conditions of bond for his State offenses shows that he is not likely to abide by any conditions of bond imposed by this Court. The fact that defendant regularly sold drugs makes him a danger to the community, as does the fact that if he did commit the crimes for which he is currently charged, he was willing to violate the conditions of bond to carry on his drug business.

(5) There is probable cause to believe that the defendant committed a controlled substance offense for which a maximum term of imprisonment of 10 years or more is proscribed under Titles 21 or 46. Defendant is, therefore, subject to the statutory presumption of detention pursuant to 18 U.S.C. § 3142(e). Defendant has been indicted on multiple drug trafficking offenses, all having statutory

maximum penalties in excess of 10 years' imprisonment. Further, if convicted, defendant's guidelines range appears to be 97-121 months.

(6) Defendant faces substantial penalties which makes him a flight risk.

## CONCLUSION

Upon careful review of the transcript of arguments made by counsel at the hearing held on October 14, 2011, the Court agrees with and **ADOPTS** the findings made by Magistrate Judge Proud. Accordingly, the Court **FINDS** that no hearing is necessary, and the government has met its burden of proving that defendant is a danger to the community and a flight risk. Defendant's mere request that he would like to assist his mother after her surgery does not provide the Court with any reason, evidence, facts, or witnesses which might persuade this Court to reverse Magistrate Judge Proud's prior findings of fact and reasons for defendant's detention. Accordingly, the Court **GRANTS** defendant's motion for *de novo* review of detention order (Doc. 34), but **AFFIRMS** Magistrate Judge Proud's previous detention order (Doc. 13), and the Order of Detention previously entered in this case remains in full force and effect.

**IT IS SO ORDERED.**

**DATE: December 21, 2011**

**/s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**