**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CRIMINAL NO. 11-CR-30162-WDS-1 |
| | ) |
| **RICHON SAYLES,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**STIEHL, District Judge:**

Before the Court is a motion for leave to file a motion to suppress out of time filed by defendant Richon Sayles (Doc. 26). Magistrate Judge Clifford J. Proud issued an Order Regarding Pre-Trial Discovery and Motion Practice on October 14, 2011, giving the parties 21 days from the date of the arraignment to file all motions unrelated to discovery issues (Doc. 11). Defendant's arraignment took place on October 14, 2011 (Doc. 8). On October 24, 2011, defendant filed a motion to continue (Doc. 24) based on the fact discovery consisted of 13 CD's and numerous reports needed to be reviewed by defendant and counsel, which this Court granted (Doc. 25).

Counsel states that he believed defendant did not want to go to trial, and thus began plea negotiations. Counsel asserts that his delay in filing a motion to suppress is based on (1) counsel's desire to avoid jeopardizing defendant's potential sentence reduction for acceptance of responsibility should he decide to plead guilty; and (2) he had not yet been able to interview all potential witnesses.

Although he has not yet been granted leave by this Court, defendant has already filed his motion to suppress (Doc. 27), to which the government has filed its response in opposition (Doc.

29). The government asserts that review of the DVD recording of the statements made is sufficient and a hearing is not warranted. Further, the government submits that it does not intend to use the defendant's statement in its case in chief, but may use it as rebuttal evidence, should the defendant testify at trial inconsistently with his statement. Notably, the government did not assert an objection to the Court granting defendant leave to file his motion to suppress out of time.

Fed. R. Cr. P. 12(e) provides: "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." "The term 'waiver' in Rule 12(e) encompasses not only the typical definition of waiver, where a defendant intentionally relinquishes a known right, but also forfeiture, where a defendant fails to assert a right in a timely fashion." *United States v. Kirkland*, 567 F.3d 316, 320 (7th Cir. 2009). "In order to gain relief . . . , a party must present a legitimate explanation for his failure to make a timely motion, and absence of prejudice." *United States v. Hamm*, 786 F.2d 804, 806-07 (7th Cir. 1986) (internal citation omitted).

Defendant's counsel states that one reason for his failure to timely file the motion was based upon counsel's inability to interview witnesses. In light of the fact that discovery in this case consisted of 13 CD's and numerous reports which counsel and defendant were still attempting to review at the end of October, counsel's claim is credible. Notably, in its response to defendant's motion to suppress, the government has made no assertions that it would be prejudiced by the Court's consideration of defendant's motion to suppress. In light of this, fairness to the government does not seem to be an issue here.

The Court **FINDS** that good cause has been shown for defendant's failure to file his motion

2

to suppress within the Court's stated deadline. Trial has not yet begun, and considering defendant's motion at this point in time will not cause significant delay in the trial date. This case is not one where multiple requests for continuances have been made. At this point in the proceedings, consideration of this late motion will not unduly inhibit the speed or efficiency of the judicial process. *United States v. Salahuddin*, 509 F.3d 858, 862 (7th Cir. 2007).

Accordingly, the Court **GRANTS** defendant's motion for leave to file motion to suppress out of time (Doc. 26). As defendant has already filed his motion to suppress (Doc. 27), the Court will not impose a new deadline for filing the motion, but will consider the motion as filed on December 5, 2011 (Doc. 27). The government has already filed its response to defendant's motion (Doc. 29). Defendant requests an evidentiary hearing on the motion to suppress, but the government asserts that no hearing is necessary. The Court **FINDS** that a hearing is appropriate in this case to consider the issues in defendant's motion to suppress. The Court hereby sets a hearing on defendant's motion to suppress on **Friday, January 13, 2012, at 1:30P.M.**

All time between the date of the filing of defendant's motion to suppress, through the conclusion of the hearing on, or other disposition of the motion, are excluded for speedy trial purposes as to this defendant and all other co-defendants. 18 U.S.C. § 3161(h)(1)(D) and § 3161(h)(6).


**IT IS SO ORDERED.**

**DATE:   December 21, 2011**

　　　　　　　　　　　　　　　　　　　　**/s/  WILLIAM D. STIEHL**
　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**