# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 11-CR-30162-WDS |
| RICHON SAYLES, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on the defendant's proffer with respect to his previously denied motion to suppress the evidence seized from his girlfriend's house. The Court held a hearing before the trial on the defendant's motion to suppress and denied the motion, finding the defendant was without standing to challenge the search of the house of Wydell Smith because he had previously asserted to law enforcement that the residence was not his. At the prior hearing, the defendant did not offer any witnesses (in particular did not offer Ms. Smith) and did not assert any grounds for the Court to find that he had a privacy interest, and therefore, standing in the residence searched.

The government called, as part of its case in chief, Ms. Smith to testify. During her cross-examination, the defendant attempted to renew his previously unsupported claim that the search of Smith's house was improper. The Court allowed the defendant, out of the hearing of the jury, to put on evidence with respect to the search of the home. The witness, Ms. Smith, claimed that she was threatened with potential prosecution if she did not consent to the search; that she did not "read" the consent to search form (despite the fact that she signed it and her signature was witnessed by Special

Agent Rehg); that she was threatened with the loss of her children if she did not allow the search; and, she was given the unacceptable option of waiting outside of the house in the cold weather with her eight (8) month old baby until they could obtain a warrant, if she would not allow the search.

The Court **FINDS** that her testimony simply was not credible. The case agent involved in the search of the residence previously testified that when they came to the house they did not have their weapons drawn, that Smith gave both oral and written consent to search the house, and that she even volunteered that the agents should search "behind a pillar" for more evidence.

The Fourth Amendment prohibition against warrantless searches does not apply when there has been voluntary consent. *United States v. Johnson*, 495 F.3d 536, 541-42 (7th Cir. 2007). Notably, police officers are allowed to exclude persons from a home while obtaining a warrant. *Id.* at 542. The only evidence of a threat or coercion comes from the testimony of Ms. Smith, which was simply not credible. The oral and written consents belie her claims of pressure. The fact that she volunteered information on where in the house evidence could be found further supports the Court's finding that her consent was both knowing and voluntary.

Most importantly, and critical to this ruling, even if the witness' testimony had been even slightly credible, and there had been any evidence of impropriety in that search, the Court simply cannot find that the defendant in this case has any standing to challenge the search. The defendant has failed to establish either a subjective or objective expectation of privacy in Smith's residence. *United States v. Neely*, 2012 WL 562258 at *2 (7th Cir. Feb. 22, 2012). Therefore, he cannot challenge the evidence seized from the residence.

Therefore, the Court remains persuaded that the defendant's motion to suppress is not warranted and renews its prior Order denying the motion to suppress evidence seized at the home

of Wydell Smith.

**IT IS SO ORDERED.**

**DATE: 25 April, 2012**

                                                **s// WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**